Troy J. Aramburu (USB #10444)
Parker A. Allred (USB #13624)
**SNELL & WILMER L.L.P.**
15 West South Temple, Suite 1200
Salt Lake City, Utah  84101
Telephone: (801) 257-1900
Facsimile: (801) 257-1800
Email: taramburu@swlaw.com
          pallred@swlaw.com

*Attorneys for Plaintiff Transportation Alliance Bank Inc. dba TAB Bank*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| TRANSPORTATION ALLIANCE BANK, INC. dba TAB BANK,<br>       Plaintiff,<br>vs.<br><br>HELPING HANDS HOUSING I, LLC a Delaware limited liability company, POINT CAPITAL PARTNERS, LLC, a Delaware limited liability company, THEODORE WILLIAMS, an individual, and RICHARD J. SWIFT, an individual,<br>       Defendants. | **TRANSPORTATION ALLIANCE BANK, INC.'S MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES**<br><br>Case No. 1:13-cv-00046-RJS<br><br>Judge Robert J. Shelby |

Pursuant to Federal Rule of Civil Procedure 54 and DUCivR 54-2, Transportation Alliance Bank Inc. dba TAB Bank ("**TAB**"), respectfully moves this Court for an award of attorneys' fees in the amount of $611,644.00 and expenses in the amount of $24,468.62[1] through September 30, 2015 against the Defendants Helping Hands Housing I, LLC ("**Helping Hands**") and Point Capital Partners, LLC ("**Point Capital**" together with Helping Hands, the "**Defendants**"), jointly and severally. This amount is proper and reasonable in light of the

---

[1]    TAB is not seeking a double recovery of its costs in this matter.  Rather, it is pursuing all of its costs incurred in the litigation.  TAB is separately filing a Bill of Costs to recover those amounts recoverable under 28 U.S.C. § 1920.  Pursuant to this Motion, TAB is requesting that the Court award its remaining costs and expenses, in the amount of $24,468.62, under the terms of the contracts at issue in the litigation.

complexities of this litigation and the counterclaims and other allegations made by Defendants. The legal and factual bases for TAB's request are set forth below and are further supported by the *Affidavit of Troy J. Aramburu in Support of Transportation Alliance Bank, Inc.'s Motion for Award of Attorneys' Fees and Expenses* (the "**Affidavit**").

**I.     SUMMARY**

On March 7, 2013, TAB filed a Verified Complaint ("**Complaint**") against the Defendants. In the Complaint, which was later amended to include additional parties Theodore Williams and Richard Swift, along with additional claims against all defendants, TAB asserted breach of contract claims against the Defendants and also brought an appointment of a receiver claim against Helping Hands.[2]

During the following two years, TAB heavily litigated the case, including pursuing and obtaining emergency relief to have a receiver appointed; opposing a motion to dismiss; completing fact discovery, including producing thousands of documents and conducting and defending numerous depositions in numerous states; completing expert discovery; filing motions for summary judgment; defending against a motion for summary judgment; and preparing for trial.

Ultimately, the Court granted summary judgment in favor of TAB on its breach of contract claims against Point Capital and Helping Hands. On October 28, 2015, the Court entered the Amended Judgment in a Civil Case [Dkt 150] against Point Capital and Helping Hands on TAB's breach of contract claims. On November 12, 2015, TAB submitted a proposed final judgment on all claims, including its fraud and breach of contract claims.

TAB now requests the attorneys' fees and expenses incurred in bringing this legal action against Point Capital and Helping Hands.

---

[2]     TAB also brought additional claims, such as fraud, against Defendants, Mr. Williams, and Mr. Swift. However, it is the breach of contract claims that are the basis of the award of attorneys' fees to TAB.

22691763.2

## II.     AMOUNT CLAIMED

TAB requests that this Court award TAB its attorneys' fees in the amount of $611,644.00 and its expenses in the amount of $24,468.62.  These amounts are set forth in greater detail in the Affidavit.  TAB is also separately filing a Bill of Costs for those costs recoverable under 28 U.S.C. § 1920.

## III.    BASIS FOR AWARD

### A.     TAB is Entitled to an Award of its Fees and Costs Under the Loan Documents.

TAB is entitled to an award of its attorneys' fees incurred in this litigation pursuant to the contracts between the parties.  Under § 78B-8-826 of the Utah Code:

> A court may award costs and attorney fees to either party that prevails in a civil action based upon any promissory note, written contract, or other writing executed after April 28, 1986, when the provisions of the promissory note, written contract, or other writing allow at least one party to recover attorney fees.

Utah Code Ann. § 78B-8-826.

On November, 30, 2011, Helping Hands executed and delivered to TAB a promissory note in the principal sum of Ten Million Dollars ($10,000,000) (the "**Note**").  Included in the Note is a provision that provides that "[i]f an Event of Default…shall occur, then this Promissory Note shall immediately become due and payable, together with reasonable attorneys' fees if the collection hereof is placed in the hands of an attorney to obtain or enforce payment hereof." *See* Note, attached hereto as **Exhibit 1**, pg. 1.

In conjunction with the Note, on November, 30, 2011, TAB, as lender, and Helping Hands, as borrower, executed that certain Loan and Security Agreement (the "**Loan Agreement**").  Pursuant to Section 9.3 of the Loan Agreement:

> Upon the occurrence and during the continuation of an Event of Default, [Helping Hands] agrees to pay all costs and expenses, including costs of Collateral sale and reasonable attorneys' fees and

> legal expenses, incurred by [TAB] in enforcing, or exercising any rights and remedies available to [TAB].

Loan Agreement, attached hereto as **Exhibit 2**, § 9.3.

On November 30, 2011, Point Capital executed a Continuing Guaranty and Waiver in association with the Loan Agreement (the "**Guaranty**"). Under the terms of the Guaranty, Point Capital agreed, among other things, to a continuing guaranty of the full, prompt and faithful performance by Helping Hands of all obligations owed by Helping Hands to TAB, including, without limitation the obligation to pay amounts owed under the Loan Agreement. *See* Guaranty, attached hereto as **Exhibit 3**, § 1. Specifically, the Guaranty provides:

> Each Guarantor shall pay to Lender, on demand all costs and expenses of Lender relating to this Guaranty, in the collection of any of the Obligations, including all costs and expenses set forth in Section 9.3 of the Loan Agreement, and all costs and expenses of Lender expended or incurred by Lender in connection with the enforcement of any of Lender's rights, powers or remedies or the collection of any amounts which become due to Lender under this Guaranty, and the prosecution or defense of any action in any way related to this Guaranty, whether incurred at the trial or appellate level, in an arbitration proceeding or otherwise….

*See* Guaranty, attached hereto as **Exhibit 3**, § 15.

As provided by the Note, Loan Agreement, and Guaranty, Helping Hands and Point Capital are obligated to pay all attorneys' fees and costs incurred by TAB in enforcing the terms of the agreements between the parties, and the prosecution and defense of any actions related to the same. Therefore, TAB is entitled to an award of its attorneys' fees and expenses.

### B. TAB's Fees and Expenses are Reasonable.

TAB has incurred various legal fees and expenses in connection with this action. These fees and expenses were incurred in the performance of the following services:

    a.    Pre-filing efforts to collect amounts owed by Defendants to TAB;

    b.    Preparing and prosecuting the Complaint and the amendment of the same;

      c.      Obtaining the appointment of a Receiver over the assets Helping Hands, over the objections of both Point Capital and Helping Hands, and coordinating with the Receiver while he liquidated the assets over the course of several months;

      d.      Propounding and responding to various forms of written discovery from Defendants;

      e.      Reviewing and producing thousands of documents in response to requests for production;

      f.      Conducting and defending at least fourteen depositions, some of which lasted multiple days, of witnesses located in four different states;

      g.      Conducting expert discovery;

      h.      Preparing and prosecuting two motions for summary judgment;

      i.      Defending against a motion for summary judgment; and

      j.      Preparing trial exhibits and witnesses prior to the Court vacating the trial date.

Additional detail regarding these fees and expenses is set forth in the Affidavit.

TAB's fees and expenses in prosecuting this case are reasonable in light of the complexity of this case, the issues involved, the appointment of a Receiver, the contentions and allegations of the Defendants, the experience and number of attorneys involved in the litigation, and the amount in controversy. Therefore, TAB requests that the Court award its attorneys' fees and expenses.

## IV. CONCLUSION

Based on the foregoing, TAB requests an award of attorneys' fees in the amount of $611,644.00 and expenses in the amount of $24,468.62 through September 30, 2015.

DATED:  November 12, 2015

**SNELL & WILMER L.L.P.**

/s/ Troy J. Aramburu
Troy J. Aramburu
Parker A. Allred

*Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that on November 12, 2015, I caused a true and correct copy of the foregoing to be served via first class mail and email on the following:

>Paul D. Veasy
>Zack L. Winzeler
>Parsons Behle & Latimer
>201 South Main Street, Suite 1800
>Salt Lake City, UT 84111
>pveasy@parsonsbehle.com
>zwinzeler@parsonsbehle.com
>
>Jason D. Boren
>Ballard Spahr LLP
>201 South Main Street, Suite 800
>Salt Lake City, UT 84111
>borenj@ballardspahr.com
>
>Julie Rystad
>Tyler J. Carel1
>Gallagher & Kennedy, P .A.
>2575 E. Camelback Road, Suite 1100
>Phoenix, AZ 85016
>Julie.rystad@gknet.com
>
>Theodore D. Williams
>Helping Hands Housing I, LLC
>163 Madison Ave., Suite 224
>Morristown, NJ  07960
>
>Theodore D. Williams
>Point Capital Partners, LLC
>163 Madison Ave., Suite 224
>Morristown, NJ  07960
>
>Theodore D. Williams
>163 Madison Ave., Suite 224
>Morristown, NJ  07960

/s/ Troy J. Aramburu