IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| TRANSPORTATION ALLIANCE BANK, INC. dba TAB BANK,<br><br>    Plaintiff,<br><br><br>v.<br><br>HELPING HANDS HOUSING I, LLC, a Delaware limited liability company; POINT CAPITAL PARTNERS, LLC, a Delaware limited liability company; THEODORE WILLIAMS, an individual; and RICHARD J. SWIFT, an individual,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br><br>Case No. 1:13-cv-46<br><br>Judge Robert J. Shelby |

This case arises out of a loan agreement between Plaintiff Transportation Alliance Bank, Inc. and Defendant Helping Hands Housing I, LLC.  Defendant Point Capital Partners, LLC negotiated the agreement on behalf of Helping Hands and served as Helping Hands' guarantor. After Point Capital and Helping Hands defaulted on the loan, TAB Bank sued Point Capital and Helping Hands, as well as Point Capital's managing members Theodore Williams and Richard Swift, alleging breach of contract, unjust enrichment, fraud, and civil conspiracy.

The court previously granted summary judgment in TAB Bank's favor on its breach of contract claims against Point Capital and Helping Hands.  The court then entered judgment on TAB Bank's breach of contract claims against Point Capital and Helping Hands.  TAB Bank now moves for an award of attorneys' fees and expenses.  (Dkt. 155.)  The motion is unopposed.  For the reasons stated below, the court GRANTS TAB Bank's motion.

1

**BACKGROUND**

Point Capital owns Helping Hands.  In November 2011, after weeks of negotiations,

Point Capital secured a $10 million loan from TAB Bank to allow Helping Hands to purchase,

rehab, and sell distressed real estate.  As part of the transaction, the parties executed three written

instruments that are relevant to this motion.

First, Helping Hands executed and delivered to TAB Bank a Promissory Note in the

principal sum of $10 million.  Included in the Promissory Note is a provision that states, "[i]f an

Event of Default . . . shall occur, then this Promissory Note shall immediately become due and

payable, without notice, together with reasonable attorneys' fees if the collection hereof is placed

in the hands of an attorney to obtain or enforce payment hereof."[1]

Second, TAB Bank and Helping Hands entered into a Loan and Security Agreement.

Section 9.3 of the Loan Agreement states, "[u]pon the occurrence and during the continuation of

an Event of Default, [Helping Hands] agrees to pay all costs and expenses, including costs of

Collateral sale and reasonable attorneys' fees and legal expenses, incurred by [TAB Bank] in

enforcing, or exercising any rights and remedies available to [TAB Bank]."[2]

Third, Point Capital executed a Continuing Guaranty and Waiver in association with the

Loan Agreement.  Under the Guaranty, Point Capital agreed to a continuing guaranty of the full,

prompt, and faithful performance by Helping Hands of all obligations owed by Helping Hands to

TAB, including the obligation to pay amounts owed under the Loan Agreement.  Section 15 of

the Guaranty states:

> Each Guarantor shall pay to Lender, on demand all costs and expenses of
> Lender relating to this Guaranty, in the collection of any of the Obligations,
> including all costs and expenses set forth in Section 9.3 of the Loan
> Agreement, and all costs and expenses of Lender expended or incurred by

---

[1] Promissory Note (Dkt. 155, ex. 1), at 2.
[2] Loan Agreement § 9.3 (Dkt. 155, ex. 2), at 13.

> Lender in connection with the enforcement of any of Lender's rights, powers or remedies or the collection of any amounts which become due to Lender under this Guaranty, and the prosecution or defense of any action in any way related to this Guaranty, whether incurred at the trial or appellate level, in an arbitration proceeding or otherwise . . . .[3]

After Point Capital and Helping Hands defaulted on the loan, TAB Bank sued Point Capital and Helping Hands, as well as Point Capital's managing members Theodore Williams and Richard Swift, for breach of contract, unjust enrichment, fraud, and civil conspiracy. TAB Bank also moved for the appointment of a receiver, which the court granted. Point Capital and Helping Hands counterclaimed against TAB Bank, alleging breach of contract, breach of the covenant of good faith and fair dealing, negligent misrepresentation, fraudulent inducement, unjust enrichment, and promissory estoppel.

The parties then filed several motions for summary judgment. Mr. Swift moved for partial summary judgment on TAB Bank's claims against him for unjust enrichment, fraud, and civil conspiracy. The court granted summary judgment in Mr. Swift's favor on the fraud and unjust enrichment claims, but denied summary judgment on the civil conspiracy claim. TAB Bank also filed an unopposed motion for summary judgment on its breach of contract claims against Point Capital and Helping Hands. The court granted the motion in TAB Bank's favor and later entered judgment against Point Capital and Helping Hands to that effect. The court also dismissed Point Capital and Helping Hands' counterclaims.

TAB Bank now moves for $611,644.00 in attorneys' fees and $24,468.62 in expenses on the basis of the judgment against Point Capital and Helping Hands for breach of contract.[4]

---

[3] Continuing Guaranty and Waiver § 15 (Dkt. 155, ex. 3), at 7.

[4] In addition to moving for attorneys' fees and expenses, TAB Bank has submitted a Bill of Costs to recover those amounts recoverable under 28 U.S.C. § 1920. (Dkt. 156.) The expenses TAB Bank seeks in this motion are for expenses not covered by § 1920.

## DISCUSSION

The court's analysis of TAB Bank's motion for attorneys' fees proceeds in two parts. The court first examines whether TAB Bank is entitled to an award of attorneys' fees and expenses. The court then examines whether TAB Bank's requested fee amount is reasonable. In the end, the court concludes that TAB Bank is entitled to an award of attorneys' fees and expenses, and that TAB Bank's requested amount of attorneys' fees and expenses is reasonable.

## I.    TAB Bank is Entitled to an Award of Attorneys' Fees and Expenses

Whether a party is entitled to attorneys' fees in a diversity suit is a substantive question controlled by state law.[5] Utah law governs the question at hand. Under Utah law, attorneys' fees are recoverable only if authorized by contract or statute.[6] If attorneys' fees are provided for by contract, then the attorneys' fees award "is allowed only in accordance with the terms of the contract."[7]

TAB Bank argues it is entitled to an award of its attorneys' fees incurred in this litigation pursuant to the contracts between the parties. TAB Bank cites Utah's Reciprocal Fee Statute in support of its argument. The statute states:

> A court may award costs and attorney fees to either party that prevails in a civil action based upon any promissory note, written contract, or other writing executed after April 28, 1986, when the provisions of the promissory note, written contract, or other writing allow at least one party to recover attorney fees.[8]

"The plain language of the Reciprocal Fee Statute indicates that 'a court may award costs and attorney fees to a prevailing party in a civil action if [three] main conditions are met.'"[9]

---

[5] *HCG Platinum, LLC v. Preferred Prod. Placement Corp.*, No. 2:11-cv-496, 2015 WL 6504586, at *1 (D. Utah Oct. 27, 2015) (citing *Boyd Rosene & Assocs., Inc. v. Kansas Mun. Gas Agency*, 123 F.3d 1351, 1352 (10th Cir. 1997)).
[6] *Reighard v. Yates*, 285 P.3d 1168, 1182 (Utah 2012).
[7] *R.T. Nielson Co. v. Cook*, 40 P.3d 1119, 1125 (Utah 2002).
[8] Utah Code Ann. § 78B-5-826.
[9] *Anderson & Karrenberg v. Warnick*, 289 P.3d 600, 603 (Utah Ct. App. 2012) (quoting *Bilanzich v. Lonetti*, 160 P.3d 1041, 1045 (Utah 2007)).

First, "the civil action must be based upon any promissory note, written contract, or other writing."[10]  Second, the promissory note, written contract, or other writing "must allow at least one party to recover attorney's fees."[11]  Third, "the party requesting fees [must have] prevailed in a civil action based upon a written agreement."[12]  All three requirements are satisfied here.

First, this case is "based upon" a promissory note and related contracts.  "An action is 'based upon' a contract under the statute if a party to the litigation asserts the writing's enforceability as basis for recovery."[13]  Here, TAB Bank asserted the enforceability of the Promissory Note, Loan Agreement, Guaranty, and another written agreement as the basis for recovering under its breach of contract claims.[14]

Second, as detailed above, the Promissory Note, Loan Agreement, and Guaranty allow at least one party to recover attorneys' fees.  The Promissory Note states that reasonable attorneys' fees shall become due and payable in the event of a default if an attorney is retained to collect under the Note.  Section 9.3 of the Loan Agreement likewise states that Helping Hands agrees to pay all reasonable attorneys' fees and legal expenses that TAB Bank incurs in enforcing the agreement in the event of a default.  And the Guaranty further provides that Point Capital, as the guarantor, shall pay to TAB Bank all costs and expenses, including those listed in Section 9.3 of the Loan Agreement, that TAB Bank expends or incurs in enforcing its rights under the Guaranty.

Third, TAB Bank is the prevailing party.  The Utah Supreme Court has recognized that "[w]here a plaintiff sues for money damages, and plaintiff wins, plaintiff is the prevailing

---

[10] *Id.* (quoting *Bilanzich*, 160 P.3d at 1045) (internal quotation marks omitted).
[11] *Id.* (quoting *Bilanzich*, 160 P.3d at 1045) (internal quotation marks omitted).
[12] *Id.* (citing Utah Code Ann. § 78B-5-826).
[13] *Insight Assets, Inc. v. Farias*, 321 P.3d 1021, 1027 (Utah 2013) (citation omitted) (internal quotation marks omitted).
[14] TAB Bank also sued under a Collateral Pledge Agreement, which Point Capital executed and delivered to TAB Bank as part of the loan agreement between the parties.

party."[15]  That is what happened here.  TAB Bank sued Point Capital and Helping Hands for

breach of contract, seeking over $10 million in damages.  TAB Bank moved for the appointment

of a receiver, which the court granted.  The court then granted summary judgment in TAB Bank's

favor on its breach of contract claims and entered judgment on those claims against Point Capital

and Helping Hands.  The court also dismissed Point Capital and Helping Hands' counterclaims

against TAB Bank for breach of contract, breach of the covenant of good faith and fair dealing,

negligent misrepresentation, fraudulent inducement, unjust enrichment, and promissory estoppel.

Having satisfied all three requirements under the Reciprocal Fee Statute, TAB Bank is

entitled to an award of attorneys' fees and expenses.

## II.    TAB Bank's Requested Attorneys' Fees and Expenses are Reasonable

The court now turns to whether the amount of attorneys' fees and expenses TAB Bank

requests is reasonable.  An award of reasonable attorneys' fees "must be supported by evidence

in the record."[16]  The Utah Supreme Court has provided four factors courts should consider when

determining whether a requested fee amount is reasonable: (1) the amount of "legal work [that]

was actually performed," (2) the amount "of the work performed [that] was reasonably necessary

to adequately prosecute the matter," (3) whether the attorneys' billing rates are "consistent with

the rates customarily charged in the locality for similar services," and (4) whether there "[a]re

circumstances which require consideration of additional factors, including those listed in the

Code of Professional Responsibility."[17]

The Utah Supreme Court has also provided other factors courts may consider, including

"the relationship of the fee to the amount recovered, the novelty and difficulty of the issues

involved, the overall result achieved[,] and the necessity of initiating a lawsuit to vindicate the

---

[15] *R.T. Nielson Co.*, 40 P.3d at 1126.
[16] *Dixie State Bank v. Bracken*, 764 P.2d 985, 988 (Utah 1988).
[17] *Id.* at 990.

rights under the contract."[18]  Courts may also consider "the efficiency of the attorneys in presenting the case . . . and the expertise and experience of the attorneys involved."[19]

Based on the foregoing factors and the court's examination of TAB Bank's supporting affidavit, TAB Bank's request for $611,644.00 in attorneys' fees and $24,468.62 in expenses is reasonable.  TAB Bank's efforts to collect under the loan agreements began in 2012 and have continued into late 2015.  In that time, TAB Bank undertook pre-filing efforts to collect the amounts owed to it by Point Capital and Helping Hands.  And once litigation ensued, the parties engaged in significant discovery.  For example, the parties produced thousands of documents; engaged in expert discovery; and conducted at least fourteen depositions, some of which lasted multiple days and required counsel to travel out-of-state.  TAB Bank also briefed and argued multiple motions for summary judgment.  Finally, TAB Bank prepared for a four-day bench trial before the court ultimately vacated the trial date.

In all, TAB Bank's attorneys and their staff spent over 2,200 hours litigating this case, with billing rates spanning between $82.54 and $425.00 per hour.  In light of the complexity and length of the case, the court concludes the amount of legal work performed was reasonable and necessary to prosecute the case.  Further, the billing rates are reasonable and consistent with the rates customarily charged in Salt Lake City, Utah for similar legal services.  TAB Bank's lead attorneys also efficiently and competently litigated the case—a case which was necessary to vindicate TAB Bank's rights under the loan agreements.  Finally, the expenses sought are reasonable, considering most of the expenses relate to travel and legal research services.

TAB Bank is entitled to $611,644.00 in attorneys' fees and $24,468.62 in expenses.

---

[18] *Id.* at 989 (quoting *Trayner v. Cushing*, 699 P.2d 856, 858 (Utah 1984)) (internal quotation marks omitted).
[19] *Id.* (quoting *Cabrera v. Cottrell*, 694 P.2d 622, 625 (Utah 1983)).

## CONCLUSION

For the reasons stated, the court GRANTS TAB Bank's Motion for Award of Attorneys'

Fees and Expenses (Dkt. 155).

**SO ORDERED** this 4th day of December, 2015.

BY THE COURT:

ROBERT J. SHELBY
United States District Judge